SARAH SEVIER

*v.*

SAMUEL L. MAGGUIRE *et ux.*

CHANCERY—*of proceedings to set aside a decree rendered by default for error apparent on its face.* S obtained a decree by default, subjecting certain lands, the title of which was in the wife of M, to the payment of a judgment in complainant's favor against M. The decree made no exemption of homestead rights, and also directed, in addition to the payment of S's judgment, the payment of a judgment against M in favor of E, who was not a party to the bill. Whereupon M and wife filed their bill to set aside the decree, for errors apparent on its face, and also to enjoin the sale of the land, on the ground that it was then, and at the time of the rendition of the decree, the homestead of M's wife. The court below rendered a decree wholly setting aside this former decree, for the reason of the error committed in providing for the payment of E's judgment: *Held,* that this was error; that the court should merely have modified the former

decree, by directing that that portion which related to E's judgment should be set aside, and directing, also, a sale of the land in payment of S's judgment, subject to the homestead right of M's wife, which right had been established by the proofs.

Writ of Error to the Circuit Court of Woodford county; the Hon. Samuel L. Richmond, Judge, presiding.

The opinion states the case.

Mr. John Clark, for the plaintiff in error.

Mr. A. E. Stevenson, for the defendants in error.

Mr. Justice Lawrence delivered the opinion of the Court:

At the April term, 1865, of the circuit court of Woodford county, Sarah Sevier obtained a decree subjecting to the payment of a judgment in her favor, against Samuel L. Magguire, a tract of land, the title of which was in Harriet G. Magguire, the wife of said Samuel.

The bill in this case is filed by the said Samuel L. and Harriet G. Magguire to set aside the former decree, for errors apparent on its face, and also to enjoin the sale of the land, on the ground that it was, when said decree was rendered, and now is, the homestead of said Harriet and her children. The decree in the former case was rendered by default, and made no exemption of homestead rights. It also directed the land to be sold, not only for the payment of Sarah Sevier's judgment, but also in satisfaction of a judgment against Magguire and in favor of one Edgerly, who was not a party to the bill.

That, in this last respect, there was error on the face of that decree admits of no doubt. The court had no concern with the judgment in favor of Edgerly. He was not before the

court asking relief. For aught the court could know his judgment may have been paid, or he may not have desired its payment. As the decree was by default, probably the attention of the court was not called to this provision in it, and we are at a loss to conceive why counsel thought it a necessary or proper provision. It is said by counsel for plaintiff in error that this was the elder judgment, and therefore entitled to priority of payment. But it was not entitled to priority so far as regarded the fund to be raised by this proceeding, nor would it have been a lien on the land in the hands of a purchaser under the decree, the legal title never having been in the judgment debtor.

The decree in the present case wholly sets aside the former decree, giving as the reason therefor the error in regard to the Edgerly judgment. Instead of setting aside the former decree, the court should have merely modified it, by directing that so much of it as related to this judgment should be set aside, and should have directed a sale of the land in payment of the Magguire judgment, subject, however, to the homestead right of Mrs. Magguire. That matter not having been adjudicated in the former case, nor presented to the court either by the pleadings or proofs, it will be proper, in remodeling the decree, to direct the sale to be made subject to the homestead, the right to it having been clearly established by the proof.

The publication against Magguire was authorized by the statute, and as to him the court had jurisdiction.

*Decree reversed.*